IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

MICHAEL JOHNSON,

              Petitioner,    :    Case No. 1:17-cv-758

    - vs -                         District Judge Timothy S. Black
                                    Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution
                                   :
              Respondent.

**REPORT AND RECOMMENDATIONS**

This habeas corpus case, brought *pro se* by Petitioner Michael Johnson under 28 U.S.C. § 2254, is before the Court for decision on the merits on the Petition (ECF No. 6), the State Court Record (ECF No. 14), the Return of Writ (ECF No. 15), and Petitioner's Reply (ECF No. 16).

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the Western Division. It remains assigned to District Judge Timothy Black for final disposition.

**Litigation History**

On July 5, 2011, a Hamilton County, Ohio, grand jury indicted Johnson on two counts of trafficking in cocaine, two counts of possession of cocaine, three counts of having weapons while under disability, one count of trafficking in marihuana (sic), one count of possession of marihuana, and permitting drug abuse on property in which he had an interest (State Court Record, ECF No.

14, Ex. 1, PageID 383-90). About six months later, Johnson withdrew his not guilty pleas and pleaded guilty to two counts of trafficking in cocaine, two counts of possession of cocaine, three counts of having weapons while under disability, and two major drug specifications. *Id.* at Ex. 2, PageID 391-95. Nine months later, but still before sentencing and represented by new counsel, Johnson moved to withdraw his guilty pleas. *Id.* at Ex. 3, PageID 396. Almost three years later, in September 2015, extensive hearings were held on the motion to withdraw. Following the hearings, the trial judge denied the motion to withdraw and sentenced Johnson to serve an aggregate sentence of eight years, having dismissed the major drug offender specifications. *Id.* at Ex. 5, PageID 401. Johnson appealed, claiming he should have been given the benefit of his plea bargain or allowed to withdraw his guilty pleas. *Id*. at Ex. 7, PageID 408. The First District Court of Appeals nonetheless affirmed the conviction. *State v. Johnson,* No. C-150654 (1st Dist. Mar. 17, 2017) (unreported; copy at State Court Record, ECF No. 14, Ex. 9, PageID 431, et seq.). The Supreme Court of Ohio declined to exercise appellate jurisdiction over a subsequent appeal (Entry, State Court Record, ECF No. 14, Ex. 13, PageID 461).

Johnson then filed his Petition for Writ of Habeas Corpus in this Court, pleading the following grounds for relief:

> **Ground One**
>
> A Federal Constitutional Question is presented; when a Petitioner was denied due process and a fair proceeding, pursuant to U.S. Constitution, Amendments Five, Six and Fourteen; by the lower courts, which failed to enforce or even recognize the existence of a Plea Agreement; executed between his brother, a co-Defendant, and the State of Ohio; which would have benefited him. Petitioner was entitled to specific performance including a reduced sentence; and, in fact, he must be re-sentenced in accordance with the Agreement. See *Santobello v. New York,* 404 U.S. 257 (1971); *State v. Bethel*, 110 Ohio St. 3d 416, 2006-Ohio-4853 (2006). The failure to recognize the Agreement; which was supported by testimony and affidavits, was compounded due to ineffective assistance of trial

counsel for not reducing Agreement to writing, but its existence and viability were sufficiently demonstrated; which subjected severe prejudice to Petitioner, when Ohio lower courts denied relief without any meaningful review.

**Ground Two**

As an alternative Argument, this Federal Habeas Court must find that the Ohio lower courts erred and abused their discretion in not ruling that Petitioner had the right, Pre-Sentence, to withdraw his guilty Plea. This is the Rule of Law in both the Federal and State Courts. See *Boykin v. Alabama*, 395 U.S. 238 (1969); *State v. Xie*, 62 Ohio St. 3d 521 (1992). In fact, under the facts and circumstances, it was error; when the Ohio Trial Court did not "freely and liberally" grant his Pre-Sentence Motion to Withdraw his Guilty Plea based on his desire to do so and his belief that he was not getting the benefit of his Plea Agreement. Such being a reasonable and legitimate basis for his withdrawal. See also *State v. Carr*, 1st Dist., Hamilton Co. No. C-140172, 2015-Ohio-2529 (2015).

(Petition, ECF No. 6, PageID 201, 207).

**Analysis**

**Ground One: Failure to Enforce Plea Agreement**

Petitioner claims to be the third-party beneficiary of an unwritten plea agreement between his brother and the State, which would have resulted in a lower sentence than he received. He claims to be entitled to specific performance of the agreement by way of resentencing. He further claims he suffered ineffective assistance of trial counsel when his attorney did not have the agreement reduced to writing.

On direct appeal to the First District, also claimed he was entitled to the benefit of the plea bargain between the State and his brother. The First District decided the claim as follows:

3

Johnson pleaded guilty to seven of the nine counts, in exchange for which the state dismissed the two marijuana-related counts. Johnson waived a reading of the facts, and acknowledged that he was making the pleas of his own free will and that no one had made any "threats, promises or anything else" to force him to plead guilty to the offenses. The trial court performed a complete Crim.R. 11 colloquy, accepted Johnson's guilty pleas, and made findings of guilt. The trial court set Johnson's sentencing hearing for March 1, 2012, and ordered an own-recognizance bond.

Shortly thereafter, Johnson's bond was revoked, and he was returned to jail pending his scheduled sentencing hearing. On October 17, 2012, newly retained defense counsel filed a motion to withdraw Johnson's guilty pleas.

Following a three-year period during which Johnson sought numerous continuances, the trial court held a hearing on Johnson's motion to withdraw his guilty pleas on September 1, 2015. Johnson argued that he was to receive sentencing consideration-specifically either probation or two years' incarceration-for a confidential informant's information that had led to a substantial seizure of narcotics. After hearing testimony from two officers, the confidential informant, and the confidential informant's defense attorney, the trial court overruled Johnson's motion to withdraw his guilty pleas. The trial court immediately proceeded to sentencing and noted that Johnson could serve 37 years in prison for the offenses. Instead, the state dismissed the major-drug-offender specifications, and the court sentenced Johnson to an aggregate term of eight years' incarceration on the seven counts. The trial court imposed court costs and credited Johnson with 1,319 days served.

* * *

Johnson essentially argues that he was an intended beneficiary of the plea agreement between the state and the confidential informant. And as an intended beneficiary, Johnson argues that he should have been given consideration for the confidential informant's cooperation with law enforcement and sentenced to community control or two years' incarceration.

The record demonstrates that the confidential informant, his defense attorney, and members of law enforcement had reached an agreement that consideration would be given to Johnson for the confidential informant's cooperation, but that specific sentencing terms were not determined. . . . It is apparent from the record that

4

> Johnson was to receive some consideration for the confidential informant's cooperation with law enforcement.
>
> Here, the record reflects that Johnson did receive consideration, as Johnson did not receive the maximum penalties for his crimes and the state dismissed the major drug offender specifications.

*State v. Johnson,* (ECF No. 14, Ex. 9 at PageID 432, 434-35).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Johnson claims the benefit of § 2254(d)(2), asserting that the state courts' decisions were based on an unreasonable determination of the facts in light of the evidence (Reply, ECF No. 16, PageID 498). The relevant evidence is in the transcript of the hearings before Judge Dinkelacker on the Motion to Withdraw, which are attached to the Petition (ECF No. 6, PageID 223, et seq.)

The first witness called by Mr. Bennett on behalf of Michael Johnson was Cincinnati Police Officer Ryan Robertson. He worked with Eric Johnson on the cooperation he was supposed to provide in the case (Petition, ECF No. 6, PageID 229). He met with Eric Johnson and his attorney, William Gallagher, to set up the cooperation. *Id.* at PageID 231-32. No promises were made to Eric Johnson. "All we said is there is a possibility that your case could be credited based on the results given, and that won't be determined by us. It will be determined by a Prosecutor and the Judge." *Id.* at PageID 233. It is possible that Michael Johnson might receive "some of the credit"

5

for Eric Johnson's cooperation. *Id.* at PageID 235. Because of Eric Johnson's cooperation, a multi-kilogram seizure of heroin was made, as a result of which Eric received a probation sentence. *Id.* at PageID 237. As a major drug offender, he would have faced a mandatory minimum of ten years imprisonment. *Id.* There was no promise for Michael Johnson to receive credit for what Eric did, but Robertson did entertain the idea. *Id.* at PageID 238. Michael Johnson himself was unable to provide Robertson with any useful information. *Id.* at PageID 240-41. He and his supervisors did not give Michael Johnson credit for what Eric Johnson had done, because he did not contribute to the result. *Id.* at PageID 242. While he would give input to the sentencing judge on a cooperating defendant, he could not give a defendant a "set number" of what he would get for cooperating, because that decision is up to the prosecutor and the judge. *Id.* at PageID 251. He made no promises to either Eric or Michael Johnson that Eric's cooperation would be credited to Michael. *Id.* at PageID 253. Michael did provide some information on an unrelated drug matter, but it was not useful. *Id.* at PageID 255.

Petitioner next called Officer Jason Bolte, who testified that he arrested Michael Johnson for drug trafficking in 2011 (Petition, ECF No. 6, PageID 261). Michael Johnson was given an opportunity to do some work with the police; the agreement was that his bond would be reduced to an own recognizance bond if he pleaded guilty as charged. *Id.* at PageID 262. Bolte understood that if Michael Johnson provided information which led to arrests, he could withdraw the guilty pleas and plead to something less. *Id.* at PageID 264. When he could not provide useful information, his bond was revoked. *Id.* at PageID 265.

When the hearing reconvened on September 24, 2015, Petitioner called his brother's attorney, William Gallagher, as a witness. He testified to the meeting among himself, Eric, Conners, and Robertson. Eric said he was willing to help, "but he wanted his brother to receive

6

some benefit for what he did . . ." (Petition, ECF No. 6, at PageID 339). Gallagher testified there was "absolutely" a meeting of the minds that Michael would get credit for what Eric was going to do. *Id.* at PageID 341. He expected the police and prosecutors to give Michael "consideration" for what Eric. Did. *Id.* at PageID 344. He understood that Judge Norbert Nadel let Michael out so that he could "earn consideration." *Id.* at PageID 349. From all of his work on narcotics cases, he testified it was "extremely rare to be told what you are going to get in return before you perform the work." *Id.* at PageID 351. "The evidence against Michael was different than Eric. So what Michael would definitely get I always thought would be somewhat different than Eric because of the weight of the evidence and the circumstances would be different. But it was up to the officers how much consideration." *Id.* at PageID 353. The major difference in the two cases was that Michael admitted the seized drugs belonged to him and Eric made no admission. Additionally, Eric was charge with four counts and Michael was charged with nine. *Id.* at PageID 354. Gallagher did not remember any quantity of years being put on what Michael would receive. *Id.* at PageID 358.

When the hearing was completed on September 30, 2015, Petitioner called Eric Johnson to the stand. Eric testified he and his brother met with DEA Agent Conners who agreed that in return for Eric's cooperation "There was no jail time for me, no jail time for my brother or, at the minimum, reduce his charges to where he would serve no more than two years." (Petition, ECF No. 6, PageID 282). To receive that benefit, he had to produce an arrest with more than three kilograms of cocaine. *Id.* at PageID 283. He produced an arrest with fifteen to seventeen kilograms of heroin. *Id.* at PageID 284. In return for that, Michael was to receive "[a] lesser charge, maybe like we discussed, maybe like a felony 2, something along those lines, reduce his charge to felony 2 and give him the minimum sentence on that." *Id.* at PageID 285. The persons

7

on whom he provided the information were prosecuted and convicted in federal court. *Id.* at PageID 286-87. Eric testified that Conners told Eric that, if he could get an arrest with the amount discussed, "he would guarantee probation for me and he said he would push hard for probation for my brother if not a much lesser charge or minimum sentence, is exactly what he said." *Id.* at PageID 293. Michael Johnson himself did not testify at all.

Having reviewed the evidence on which Petitioner relies, the same evidence Judge Dinkelacker heard, the Magistrate Judge concludes Judge Dinkelacker's decision was quite reasonable. The only person who testified to a promise of a specific sentence of either probation or a maximum of two years was Eric Johnson. At that point in time he had been convicted of felony offenses on a number of occasions and he was testifying on behalf of his brother to very specific conversations which had occurred years before. His testimony was contradicted by the police officers who were called and specifically undermined by that of Mr. Gallagher who not only did not recall any specific promise on the occasion in question but also said such specific promises were extremely rare. Judge Dinkelacker was entitled to weigh the credibility of the witnesses. Having done so, he concluded that no promise was made to Eric Johnson as to the terms of the consideration Michael Johnson would receive.

Gallagher's recollection was that Eric was promised that Michael would receive some consideration if Eric's work was successful. In fact, as Judge Dinkelacker and the First District noted, he received substantial consideration. While eight years imprisonment is not a light sentence, it is substantially below what the mandatory minimum would have been on a major drug offender specification.

Added to the testimony at the plea withdrawal hearings is the evidence from then plea colloquy. At that time, Johnson told the court that no one made any threats, promises, or anything

else in order to get him to plead (State Court Record, ECF No. 14, PageID 466). There is no testimony from anyone that any promise was made directly to Michael Johnson so as to induce him to plead as he did.

Petitioner is correct that plea bargains are to be treated as contracts. "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement for consideration, such a promise must be fulfilled." *Santobello*, 404 U.S. at 262. When asked if he had been promised anything, Petitioner answered no. He assumes he is not bound by that solemn declaration in open court. However, a habeas court cannot rely on the petitioner's alleged "*subjective* impression of what the plea bargain was, rather than the bargain actually outlined *in the record*[,]" for to do so "would render the plea colloquy process meaningless[.]" *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (emphasis in original). If the plea colloquy process were viewed in this light, any defendant who alleged "that he believed the plea bargain was different from that outlined in the record would have the option of withdrawing his plea despite his own statements during the plea colloquy . . . indicating the opposite." *Id.*

Assuming he was not bound by that statement, Petitioner sought to litigate the terms of his plea agreement. When a party seeks to prove that another party is liable for breach of contract, the burden is on the party asserting breach to prove what the terms of the contract are. Michael Johnson did not succeed in producing evidence of the specific terms he asserted to Judge Dinkelacker who did not make an unreasonable determination of the facts based on the evidence.

Ground One is without merit and should be dismissed.

**Ground Two: Failure to Allow Petitioner to Withdraw His Guilty Plea**

Petitioner claims in his Second Ground for Relief that he should have been allowed to withdraw his guilty plea.

Johnson argues this Ground for Relief as if he had a right to withdraw the plea, that he was "entitled" to do so. (Petition, ECF No. 6, PageID 207). However, that is not the law either in Ohio or under the United States Constitution. If a defendant had a right to withdraw a plea, all he or she would have to do is file a notice of withdrawal. But the Ohio Rules of Criminal Procedure require a defendant, even before sentencing, to seek leave of court to withdraw a plea. Ohio R. Crim. P. 32.1. Rather, whether to allow withdrawal is a matter of the trial judge's discretion. *State v. Johnson,* ECF No. 14, Ex. 9, PageID 433, citing *Xie,* 62 Ohio St. 3d at 526-27; <u>Carr, 2015-Ohio-2529,</u> at ¶ 2. The question of whether a state judge abused his or her discretion does not raise a federal constitutional question and is therefore not reviewable in habeas. *Sinistaj v. Burt,* 66 F.3d 804, 808 (6th Cir. 1995).

Consequently, Johnson's Second Ground for Relief should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to

proceed *in forma pauperis*.

February 14, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).